IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02564-BNB

JOSE BROU,

    Applicant,

v.

JAMES ABBOTT (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 8 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Jose Brou is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Brou has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005).

The Court must construe the habeas corpus application liberally because Mr. Brou is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brou will be ordered to file an amended application.

Mr. Brou has failed to complete the Court-approved form in a manner that makes clear his proceedings in state court and his claims. He alleges that he pleaded guilty in the Arapahoe County District Court to charges of vehicular assault – driving under the influence, and that he received a seven-year sentence. Although he alleges that the

judgment of conviction was entered on February 2, 2005, it appears that the judgment of conviction was entered sometime in 2002, when his state criminal case, 02 CR 1825, was filed. He alleges that he did not appeal directly from the judgment of conviction.

He asserts that in September 2004 he filed a postconviction motion pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure, and that the Arapahoe County District Court denied the motion on February 2, 2005. However, from the documents Mr. Brou attaches to the application, the motion that was denied on February 2, 2005, was a motion for transcripts at the state expense, not his Colo. R. Crim. P. 35(a) and (c) postconviction motion. He asserts that on June 20, 2005, and on November 7, 2005, his appeal was denied as untimely. He fails to make clear whether the appeal dismissed as untimely was his appeal from the denial of his Colo. R. Crim. P. 35(a) and (c) motion and, if so, on which date it was denied. On October 18, 2005, certiorari review was denied. In the instant action, Mr. Brou asserts that he received a longer sentence than contemplated by his plea bargained, because the seven-year sentence to which he stipulated plus three years of mandatory parole totals ten years. He does not allege a violation of a federal constitutional right or that he exhausted his claims in state court as federal constitutional claims.

Mr. Brou's amended habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978);*Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's

jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Brou's application fails to provide a short and plain statement of his state court proceedings showing that he is entitled to relief. He will be given an opportunity to file an amended habeas corpus application to clarify this information, as well as his claims. In addition, Mr. Brou also must demonstrate that he has exhausted state remedies as to each asserted claim. *See* 28 U.S.C. § 2254(b)(1); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). Accordingly, it is

ORDERED that Mr. Brou file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Brou's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court is directed to mail to Mr. Brou, together with a copy of this order, two copies of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Brou fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 8, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02564-BNB

Jose Brou
Prisoner No. 122203
CTCF – CH 7
PO Box 1010
Canon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 2/8/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk