IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02564-ZLW

JOSE BROU,

    Applicant,

v.

JAMES ABBOTT (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 1 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION FOR RECONSIDERATION

Applicant Jose Brou filed *pro se* on June 12, 2006, a motion titled "Request for Rehearing Regarding Order and Judgment of Dismissal" seeking reconsideration of the order and judgment of dismissal filed on May 18, 2006, in the instant action. The Court must construe the motion liberally because Mr. Brou is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be construed liberally as a motion for reconsideration. For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten

days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Brou's motion, which was filed more than ten days after the Court's order and judgment of dismissal filed on May 18, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court denied the habeas corpus application and dismissed the instant action without prejudice for failure to exhaust state remedies. The basis for the dismissal is explained in detail in the dismissal order filed on May 18, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Brou fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion titled "Request for Rehearing Regarding Order and Judgment of Dismissal" submitted *pro se* by Applicant Jose Brou on June 12, 2006, seeking reconsideration of the order and judgment of dismissal filed on May 18, 2006, and which the Court has construed liberally as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 20 day of June, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02564-BNB

Jose Brou
Prisoner No. 122203
CTCF – CH 7
PO Box 1010
Canon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  6-21-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk